## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHNNY D. HARRIS,**
**Claimant Below, Petitioner**

**FILED**
November 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0280** (BOR Appeal No. 2046315)
                            (Claim No. 2004021964)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**BFI WASTE SYSTEMS OF NORTH AMERICA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Johnny D. Harris, by Cathy L. Greiner, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jack M. Rife, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 9, 2012, in which the Board affirmed an August 3, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 13, 2010, Order denying Mr. Harris's request for a right piriformis injection. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harris was employed by BFI Waste Systems of North America, Inc. as a sanitation worker when he sustained an injury to his back on October 31, 2003, while lifting trash. On

1

November 21, 2003, Mr. Harris's claim was held compensable for sprain/strain of the back, unspecified. On July 27, 2010, Mr. Harris presented at Dr. Ozturk's office with low back pain and tenderness over his right S1 and right piriformis. Dr. Ozturk requested authorization to perform a right piriformis injection to treat some piriformis spasms. On August 13, 2010, the claims administrator denied Mr. Harris's request for a right piriformis injection.

The Office of Judges concluded that the preponderance of the credible medical evidence failed to establish that the requested right piriformis injection is medically related or reasonably required to treat the compensable injury. Mr. Harris disagrees and asserts that the evidence shows that he is entitled to the requested right piriformis injection, and that no recent medical reports contradict the findings and request of Dr. Ozturk. The West Virginia Office of Insurance Commissioner maintains that the preponderance of the evidence demonstrates that the requested medical benefits are not medically related or reasonably required treatment of Mr. Harris's compensable injury. On April 20, 2004, Dr. Craig performed an independent medical exam and reported that Mr. Harris had limited range of motion attributable to his complaints of pain. On May 18, 2004, Dr. Franks found that Mr. Harris had reached maximum medical improvement and recommended a limited return to work trial. On August 3, 2004, Mr. Harris was awarded a 5% permanent partial disability award for his October 31, 2003, compensable injury. On July 27, 2010, Dr. Ozturk noted that Mr. Harris was still experiencing low back pain and was slightly tender over his right piriformis. On September 23, 2010, Dr. Hoh performed an independent medical exam on Mr. Harris and concluded that he had reached maximum medical improvement. Dr. Hoh opined that Mr. Harris's treatment was related either directly to his compensable injury of October 31, 2003, or to the aggravation of his pre-existing conditions by the compensable injury. Dr. Hoh further opined that it is unlikely that Mr. Harris would benefit from additional injections.

The Office of Judges noted that the piriformis muscle is located in the groin area and that its relationship to Mr. Harris's injury is not evident. It determined that there is no explanation regarding why the inner portion of Mr. Harris's pelvic girdle would be part of the compensable injury. The Office of Judges noted that Mr. Harris has been found to have reached maximum medical improvement and that Dr. Hoh indicated that he would not benefit from injections. The Office of Judges held that the preponderance of the evidence failed to establish that the requested right piriformis injection is medically related or reasonably required treatment for the compensable injury. The Board of Review reached the same reasoned conclusions in its decision of February 9, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **November 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum